**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE**

| | |
|---|---|
| SENTIUS INTERNATIONAL, LLC, | |
| Plaintiff, | **Civil Action No.** |
| v. | **JURY TRIAL DEMANDED** |
| KINGSOFT CORPORATION LIMITED, | |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 et seq. in which Plaintiff Sentius International, LLC ("Sentius" or "Plaintiff") brings this patent infringement action against Defendant Kingsoft Corporation Limited ("Kingsoft Corporation" or "Defendant") and alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement which arises under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") 35 U.S.C. §§ 1 *et seq*., including 35 U.S.C. §§ 271, 281, 283, 284, and 285, to prevent Defendant from infringing and profiting without authorization and consent from Sentius by its use of the technology covered by U.S. Patent No. RE43,633 (the "'633 patent", attached hereto as Exhibit "A") and to recover damages, attorney's fees, and costs pursuant thereto.

## THE PARTIES

2.      Plaintiff Sentius is a limited liability company duly organized and existing under the laws of Virginia with its principal place of business at 8300 Greensboro Drive, Suite 800, McLean, VA, 22102.

3.      On information and belief, Defendant  Kingsoft Corporation is a publicly traded Chinese corporation with its head office and principal place of business  at Kingsoft Tower, No. 33, Xiaoying West Road, Haidan District, Beijing 100085 People's Republic of China. Kingsoft's shares are traded on the Hong Kong Stock Exchange.    Kingsoft Corporation can be served with process pursuant to the Delaware Long Arm Statute, 10 Del. C. § 3104.

## JURISDICTION AND VENUE

4.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a) because the action arises under the Patent Laws of the United States, 35 U.S.C. §§ 271 et seq.

5.      Court has personal jurisdiction over Kingsoft Corporation because, directly or through intermediaries, including its wholly-owned U.S. subsidiary WPS Office Software, it has committed acts within Delaware giving rise to this action and/or has established minimum contacts with Delaware such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

6.      For example, Kingsoft Corporation has placed and is continuing to place infringing products into the stream of commerce via an established distribution channel that includes WPS Office Software with the knowledge and/or understanding that such products are being and will continue to be sold in the State of Delaware, including in this District.

7.      On information and belief, Kingsoft Corporation has derived substantial revenues from its infringing acts in the State of Delaware and this District, including from its sales of infringing devices.

8.      In addition, on information and belief, Kingsoft Corporation has, and continues to, knowingly induce infringement by others within the United States and this District by

advertising, marketing, and directing products containing infringing functionality to consumers, customers, manufacturers, distributers, resellers, partners, and/or end users in the United States and by providing instructions, user manuals, advertising, and/or marketing materials which facilitate, direct, or encourage the use of infringing functionality with knowledge thereof.

9.      Kingsoft Corporation has represented in various annual reports, including its 2017 Annual Report, that its WPS Office software had achieved great commercial acceptance in recent years. In Kingsoft's 2017 Annual Report, the company reported on the success of WPS Office as follows: "WPS Office achieved stable and healthy development in 2017, and both online marketing and licensing businesses saw steady increases in revenue." Noteworthy here, Kingsoft launched "Light Office" for individual users, improving the office experience for them in all dimensions.   In December 2017, the MAU (Monthly Active Users) of WPS Office mobile version exceeded 145 million. In addition, through offering exclusive and high-quality contents, the number of premium members at the end of December nearly quadrupled comparing with that at the beginning of 2017.   WPS is deeply rooted in office software industry and continues to optimize and develop new features aiming to provide users with better customized office experience.   Thus, WPS was awarded the 2017 Xiaomi Emmy Award for the Most Scalable Application and the 2017 Next World Award for the Most Popular Office Management Application  for the Year in the fourth quarter (of that year).  Kingsoft Corporation maintains a website through which it has offered for sale and continues to offer for sale to United States consumers various accused products, including WPS Office software.

10.      Venue is proper in this District under 28 U.S.C.  §  1400(b) as Kingsoft Corporation is a foreign corporation.

### <u>DIRECT INFRINGEMENT OF THE '633 PATENT</u>

11.      On September 4, 2012, the United States Patent and Trademark Office

("USPTO") duly and legally reissued the '633 patent, entitled "System and Method for Linking Streams of Multimedia Data to Reference Material for Display" (the "'633 Patent."). A true and correct copy of the '633 patent is attached hereto as Exhibit A.

12.     Sentius is presently the owner of the patent, having received all right, title and interest in and to the '633 patent from the previous assignee of record. Sentius possesses all substantive rights in and to the patent, including the sole and exclusive right to prosecute this action and enforce the '633 patent against infringers, and to collect damages for all relevant times.

13.     Defendant has infringed at least claims 17, 18, 62, 101 and 146 of the '633 patent by its manufacture, use, sale, importation, and/or offer for sale of its WPS Office suite of software in the manner described herein. Defendant is liable for its infringement of the '633 patent pursuant to 35 U.S.C. § 271.

14.     For example, claim 17 covers "A system for linking textual source material to external reference material for display". On information and belief, Defendant's WPS Office offers spell-check features by linking textual source material to external reference material and performs it using a method of storing pointers in look-up table entries for the starting and ending position addresses for the misspelled words. The pointers link the misspelled words to a spell check dictionary which is an external reference material having correctly spelled replacements for the misspelled words. For example, the misspelled words are identified by highlighting with a red squiggly underline.

15.     Claim 17 recites "means for determining a beginning position address of textual source material stored in an electronic database". On information and belief, Kingsoft's WPS Office software utilizes a visual editor with a parsing engine which assigns an initial zero

position address to the first character of the document text within an open WPS document file.

16.     Claim 17 then recites "means for cutting the textual source material into a plurality of discrete pieces".  On information and belief, when the visual editor in WPS Office software is opened, a spell check parser parses the document to cut the text into individual words and phrases.  These words or phrases are identified as discrete character strings.

17.     Claim 17 then recites "means for determining starting point addresses and an ending point addresses of the plurality of discrete pieces based upon the beginning position address".  On information and belief, WPS Office software comprises a visual editor with a spell check parser and is programmed to identify the beginning and ending character position offsets from the first character position for the character strings of potentially misspelled words.

18.     Claim 17 then recites "means for recording in a look-up table the starting and ending point addresses".  On information and belief, WPS Office software includes a set of software instructions that record as discrete entries in a spell check look-up table the starting and ending point offset positions from the beginning position address of each character string.

19.     Claim 17 then recites "means for linking the plurality of discrete pieces to external reference materials by recording in the look-up table, along with the starting and ending point addresses of the plurality of discrete pieces, links to the external reference materials, the external reference materials comprising any of textual, audio, video, and picture information." On information and belief, WPS Office software includes a set of software instructions that, for each starting and ending point position entry in the spell check look-up table, also records a pointer that links that entry to a spell check dictionary containing the specific suggested correct spellings for that entry's character string.

20.     Claim 17 then recites "means for selecting a discrete portion of an image of the

source material".  On information and belief, WPS Office includes a set of software instructions that utilizes the electronic viewer of a computer to display the document with the misspelled words shown having a "red squiggle" underline beneath them. WPS Office further includes a set of software instructions that receives a user pointer input (such as by the user "clicking") on a given "red squiggled" word, which is selected for further processing.

21.    Claim 17 then recites "means for determining a display address of the selected discrete portion."  On information and belief, WPS Office includes a set of software instructions that identifies the horizontal and vertical coordinates of the display location where the user's input was received so that it can determine the corresponding document position of the user's input. These instructions include the use of a user interface and pointing device programmed to perform this function.

22.    Claim 17 then recites "means for converting the display address of the selected discrete portion to an offset value from the beginning position address."  On information and belief, WPS Office includes a set of software instructions that uses an index to determine the character position offset value from the beginning character position in the document corresponding to the horizontal and vertical coordinates of the user input.

23.    Claim 17 then recites "means for comparing the offset value with the starting and ending point addresses recorded in the look-up table to identify one of the plurality of discrete pieces."  On information and belief, as explained above, WPS Office includes a set of software instructions that determines if the character position of the user's input falls between the starting or ending point address of any entries in the look-up table and, if so, identifies the corresponding entry.

24.    Claim 17 then recites "means for selecting one of the external reference materials

corresponding to the identified one of the plurality of discrete pieces." On information and belief, WPS Office comprises a visual editor and is programmed to resolve the pointer for the corresponding entry to identify one or more corresponding character strings from a spell check dictionary for that entry's character string. WPS Office includes a set of software instructions that retrieves and temporarily stores in a buffer the identified lexicon words from the spell check dictionary for that character string.

25.     Claim 17 then recites "means for displaying on a computer the selected one of the one of the external reference materials." On information and belief, as explained above, WPS Office software includes a set of software instructions that retrieves the lexicon words from the buffer and passes them to the electronic viewer module of the computer to display them on a computer's display as suggested corrections for that character string.

26.     Claim 18 depends from independent claim 17, and covers "The system of claim 17, wherein the means for linking links the plurality of discrete pieces to external reference materials on a word-by-word or phrase-by-phrase basis." On information and belief, WPS Office software maintains an entry in the look-up having a corresponding pointer which links that entry to the specific suggested correct spellings for that entry's corresponding character string. In other words, each misspelled word whose position is recorded in the look-up table is linked to spelling suggestions for that particular word.

## DEFENDANT'S PRODUCTS

27.     The Accused Products include Kingsoft's WPS Office suite of software made, used, sold or offered for sale within the United States or imported into the United States. The Accused Products infringe at least claims 17, 18, 62, 101 and 146 of the '633 patent.

28.     The Accused Products include a "red squiggly" spell check feature that determines the beginning position address of text in a document, parses the document text into

properly spelled words and misspelled words, determines the starting and ending point address of each misspelled word relative to the beginning position address, records the starting and ending point addresses of each misspelled word in a look-up table along with a link to at least one suggested spelling for the misspelled word contained in a spell check dictionary, displays an image of the document text, allows a user to select a portion of the displayed document text [corresponding to a misspelled word], determines the display address for the selected portion, converts that display address to an offset value from the beginning position address of the document text, compares the offset value to the starting and ending point addresses recorded in the look-up table to identify the corresponding text string, selects a suggested spelling from the spell check dictionary for that text string, retrieves the suggested spelling from the spell check dictionary, and displays the suggested spelling in a pop-up window near the misspelled word.

## INFRINGEMENT OF THE '633 PATENT

29.     The Accused Products infringe at least claims 17, 18, 62, 101 and 146 of the '633 patent.

30.     In violation of 35 U.S.C. § 271, Defendant is now, and has been directly infringing the '633 patent.

31.     Defendant has directly infringed at least claims 17, 18,  62, 101 and 146 of the '633 patent by making, using, importing, offering for sale, and/or selling the Accused Products without authority in the United States, and will continue to do so unless enjoined by this Court. As a direct and proximate result of Defendant's direct infringement of the '633 patent, Plaintiff has been and continues to be damaged.

32.     By engaging in the conduct described herein, Defendant has injured Sentius and is thus liable for infringement of the '633 patent, pursuant to 35 U.S.C. § 271.

33.     Defendant has committed these acts of infringement without license or authorization.

34.     As a result of Defendant's infringement of the '633 patent, Sentius has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for their infringement, together with interests and costs.

35.     Sentius and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law.

## DEMAND FOR JURY TRIAL

Sentius requests a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

WHEREFORE, Sentius prays for the following relief:

1.     That Defendant be adjudged to have directly infringed the '633 patent either literally or under the doctrine of equivalents;

2.     That Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently restrained and enjoined from infringing the '633 patent;

3.     An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Sentius for the Defendant's infringement including compensatory damages;

4.     An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

5.     That Defendant be directed to pay enhanced damages, including Sentius' attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

6.     That Sentius have such other and further relief as this Court may deem just and proper.

Dated: October 16, 2018

*Of Counsel:*

Sandeep Seth
**SethLaw**
Two Allen Center
1200 Smith Street, Ste. 1600
Houston, TX 77002
Telephone: (713) 244-5017
Facsimile:  (713) 244-5018
Email: ss@sethlaw.com

Robert J. Yorio
**Carr & Ferrell LLP**
120 Constitution Drive
Menlo Park, California 94025
Telephone No.: (650) 812-3400
Facsimile No.:  (650) 812-3444
Email:  yorio@carrferrell.com

Respectfully submitted,

FARNAN LLP

*/s/ Michael J. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market Street, 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Fax: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiff Sentius International,*
*LLC*